FILED
United States Court of Appeals
Tenth Circuit

March 26, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GARY ALLEN LOTT,

    Defendant-Appellant.

No. 07-6125

(D.C. No. CR-99-30-T)
(D.C. No. CV-04-511-T)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, MURPHY**, and **HARTZ**, Circuit Judges.

Gary Lott, a federal prisoner appearing pro se, seeks a certificate of appealability

(COA) pursuant to 28 U.S.C. § 2253(c)(1) in order to challenge the district court's denial

of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Because Lott has

failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss

the matter.

I.

In 1999, Lott was indicted and subsequently convicted of multiple drug and

firearms offenses arising out of his involvement in an Oklahoma City-based conspiracy to

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

manufacture and distribute methamphetamine. Lott was sentenced to life imprisonment. On direct appeal, this court affirmed Lott's convictions and sentence. United States v. Lott, 310 F.3d 1231 (10th Cir. 2002). The United States Supreme Court denied certiorari review on April 21, 2003. Lott v. United States, 538 U.S. 991 (2003).

On April 23, 2004, Lott filed a pro se § 2255 motion to vacate, set aside or correct sentence.[1] Lott subsequently filed several additional pleadings, including a memorandum in support of his motion, a reply to the government's response to his motion, and a supplemental brief in support of his motion. The district court, on April 30, 2007, issued an order denying Lott's motion in its entirety. In doing so, the district court began by noting that "[t]he vast majority of issues listed in" Lott's initial motion were "undeveloped and unsupported by arguments or references to the record." Dist. Ct. Order at 3. With respect to those issues, the district court summarily denied them. Id. The district court also concluded that three of the issues asserted for the first time in Lott's reply brief were procedurally barred because they could have been raised on direct appeal.[2] Id. at 4. Continuing, the district court concluded that Lott's claims of error

---

[1] Lott's motion, which included his declaration under penalty of perjury that he placed his motion in his prison's legal mail system on April 14, 2004, was declared by the district court to have been filed within the one-year statute of limitations for § 2255 motions. See Fed. R. App. P. 4(c)(1) (outlining the "prison mailbox" rule).

[2] These three issues included: (1) the district court's treatment, for sentencing purposes, of the methamphetamine at issue as "actual" or pure, rather than a mixture or substance containing a detectable amount of methamphetamine; (2) the district court's alleged "double-counting" of the methamphetamine attributable to Lott; and (3) the district court's allegedly erroneous instructions to the jury on an aiding and abetting

(continued...)

2

based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005) were foreclosed by the fact that his convictions became final prior to the issuance of both <u>Blakely</u> and <u>Booker</u>. Dist. Ct. Order at 5. As for Lott's remaining claims, all of which raised issues of ineffective assistance of his trial counsel, the district court addressed and rejected them on the merits. Of note for purposes of this appeal, the district court rejected Lott's argument that his trial counsel erred in failing to subpoena his former girlfriend to testify in his defense, on the grounds that Lott failed to "identify . . . what favorable evidence (if any) [she] might have provided." Dist. Ct. Order at 11.

On May 22, 2007, Lott filed a notice of appeal, which the district court construed as a request for COA, and a motion for leave to proceed on appeal in forma pauperis. The district court denied both requests. Lott has now renewed those requests with this court.

II.

Issuance of a COA is jurisdictional. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> § 2253(c)(2). In order to make that showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

_____

[2](...continued)
theory.

3

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his appellate brief, Lott challenges only the district court's rejection of his assertion that defense counsel was ineffective for failing to subpoena his girlfriend and present her as a witness at trial. According to Lott, his girlfriend provided law enforcement authorities with what he describes as a "debriefing/statement" regarding his drug-trafficking activities, and the government at trial used that "debriefing/statement" "as the foundation of their case . . . ." Aplt. Br. at 8. Lott complains, however, that his girlfriend was under the influence of methamphetamine at the time she provided the "debriefing/statement," and he argues that his defense counsel should have subpoenaed his girlfriend in order to question her about these matters in front of the jury.

After examining the materials submitted by Lott, as well as the materials he filed with the district court in support of his motion, we conclude that Lott has failed to establish his entitlement to a COA. In particular, it is undisputable that Lott has failed to identify what, if any, favorable evidence his girlfriend would have provided had she testified at trial. Thus, as the district court effectively concluded, Lott has failed to establish any prejudice arising out of defense counsel's purported failure. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring defendant to establish that the alleged deficient performance of counsel resulted in prejudice).

The motion for leave to proceed on appeal in forma pauperis and the request for a

COA are DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge